THE STATE OF OHIO, APPELLEE, v. HENTON, APPELLANT.

(No. C-76774—Decided December 14, 1977.)

Mr. *Thomas A. Luebbers,* Mr. *Paul J. Gorman* and Ms. *Ann Marie Tracey,* for appellee.
Mr. *Bruce F. Thompson,* for appellant.

*Per Curiam.* This cause came to be heard upon the appeal; the transcript of the docket and journal entries; the original papers from the Hamilton County Municipal Court; and the transcript of the proceedings, the assignments of error, and briefs and arguments of counsel.

Appellant, convicted of knowingly operating a day care facility without a permit, brings this appeal asserting two assignments of error. Both assignments of error urge that the trial court erred to her prejudice in overruling various motions to dismiss.

On May 4, 1976, several officials from the Cincinnati Health Department visited appellant's residence to investigate a complaint that she was operating a day care facility without a permit in contravention of Section 00013-3 (A) of the Cincinnati Health Code. One official on that day observed fourteen children ranging in age from six months to five years old at appellant's residence. Another adult apparently assisting appellant in the care of the children was also seen on the premises.

In order to sustain a conviction for operating a day

care facility without a permit, it is incumbent upon the state to prove that the children involved were being cared for by someone other than their parents. The record is devoid of any evidence from which the trier of fact could have concluded that the children observed at appellant's residence on May 4, 1976, were other than appellant's children or the children of the other adult present on that day. Since proof of an essential element of the offense charged was lacking upon a comparison of all the evidence adduced by the prosecution, appellant's motion for acquittal should have been granted.

Although it was probably not the intention of the drafter of the regulations, the regulations seem to be broad enough to bring within the ambit of criminal activity grandparents caring for their grandchildren away from the parent's home. This same broadness and vagueness seem to permeate several other sections of the regulation. While we note that these may be fatal constitutional defects, in view of our disposition of this case we are not required to decide the constitutionality of the regulations.

Further, it is not clear to us that the Cincinnati Health Code regulations concerning the licensing of day care facilities are regulations made in pursuance of R. C. 3707.-01 to 3707.53 to wit: the abatement of nuisances, the control of dangerous communicable diseases, the regulation of quarantine hospitals, food and supplies, milk handlers, or sanitary plants. The record here indicates that appellant was not cited for any such violation of R. C. Chapter 3707. Again, however, we are not compelled to decide this question.

Appellant's assignments of error being well taken, the judgment of the Hamilton County Municipal Court is reversed and the defendant-appellant, Nora Henton, is ordered discharged.

*Judgment reversed.*

SHANNON, P. J., KEEFE and CASTLE, JJ., concur.